2024 IL App (1st) 232121-U

FOURTH DIVISION
Order filed: March 21, 2024

No. 1-23-2121B

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 23 MC1 113554 |
| | ) | |
| | ) | |
| KAYLA BURGOS, | ) | Honorable |
| | ) | David Kelly, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford concurred in the judgment.
Justice Ocasio dissented in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion in denying the defendant pretrial release where the circuit court's finding that no condition or combination of conditions can mitigate the real and present threat to the safety of the community is neither against the manifest weight of the evidence nor an abuse of discretion.

No. 1-23-2121B,

¶ 2    The defendant, Kayla Burgos, appeals from the circuit court's order of October 31. 2023, denying her pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). Commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-110 , § 70 (eff. Jan. 1, 2023) .  For the reasons which follow, we affirm.

¶ 3    The defendant was arrested on October 29, 2023, and charged with aggravated vehicular hijacking and possession of a controlled substance.  On October 31, 2023, the State filed a verified Petition for Pretrial Detention Hearing.  A pretrial detention hearing was held that same day.  At the detention hearing, the State filed a written proffer followed by an oral proffer, both setting forth the following facts:

¶ 4     On October 27, 2023, the victim was sitting in the driver's seat of his car when three or four cars surrounded him. He heard a woman yelling at him to get out of his car and saw the defendant walking toward his car door holding a small black handgun. The defendant squeezed the gun, activating a green laser sight, and pointed the gun at the victim. The victim opened his car door, handed the defendant his keys, and exited his vehicle. The victim watched the defendant drive his vehicle away. The victim called the police and reported the incident. On October 29, 2023, the victim viewed a photo array and positively identified the defendant as the woman that pointed a gun at him and took his vehicle.

¶ 5    Prior to the detention hearing, the State served the defendant with two orders of protection entered on August 1, 2023, prohibiting her from contacting, threatening, or stalking various named individuals.  In addition, the State informed the trial court that, at the time of the commission of

---

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act."  Neither name is official, and neither appears in the Illinois Compiled Statures or the public act.

the charged offense, the defendant was free on bond in a case charging her with felony fleeing and eluding police.

¶ 6     Following the State's proffer, defense counsel made the following proffer in mitigation. The defendant is 21 years old, a recent high-school graduate. and working full time in a gas station. She has lived her entire life at the same address in Chicago where she would be able to live if placed on electronic monitoring. The defendant is a caretaker for her disabled father who suffers from a spinal condition. According to defense counsel, the defendant was on pretrial release on a charge of aggravated fleeing or attempting to elude a peace officer where she was alleged to have blown two stop signs while speeding away from police.

¶ 7     Following the detention hearing, the trial court denied the defendant pretrial release and remanded her to the custody of the Cook County sheriff pending trial. In its written order, the court found that the State has shown by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed an eligible offense as listed in 725 ILCS 5/110-6.1(a)(1)-(7) (West 2024); the defendant poses a real and present threat to the safety of the community based on the specific articulable facts in this case, namely that the defendant pointed a gun at the victim and stole his vehicle; and that no condition or combination of conditions of pretrial release can mitigate the real and present threat posed by the defendant to the safety of the community because the defendant is charged with a violent forcible felony and had a pending case of aggravated fleeing and eluding the police. This appeal followed.

¶ 8     In her notice of appeal, the defendant argues that the State failed to meet is burden of showing by clear and convincing evidence that:

No. 1-23-2121B,

1) the proof is evident or the presumption great that she has committed the charged offense;

2) no condition or combination of conditions of pretrial release can mitigate the real and present threat posed by her to the safety of the community; and

3) she was denied an opportunity for a fair hearing prior to the entry of the order denying her pretrial release.

¶ 9 In considering this appeal, this court has reviewed the following documents which the defendant and the State of Illinois have submitted pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023):

- defendant's Notice of Pretrial Fairness Acy Appeal,
- defendant's supporting record,
- the report of proceedings,
- defendant's notification that she will not file a supporting memorandum, and
- the State's memorandum

¶ 10 Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)). Under that statute, a defendant's pretrial release may only be denied in certain limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). Upon the filing of a petition requesting an order denying the defendant's pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community and/or that the defendant's pretrial detention is necessary to prevent the defendant's willful flight to avoid prosecution. 725 ILCS 5/110-6.1(e),(f) (West 2024). It is also the State's burden to prove by clear and convincing

- 4 -

evidence that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2024). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and concludes that the defendant poses a real and present threat to the safety of any person or the community. 725 ILCS 5/110-6.1(a)(1)-(7) (West 2022).

¶ 11 We are mindful of the fact that several judges in the Appellate Court believe that review of a pretrial detention order should be *de novo*. See: *People v. Lee,* 2024 IL App (1st) 232137 ¶ 21; *People v. Saucedo,* 2024 IL App (1st) 232020, ¶ 65 (Ellis, J., specially concurring). We disagree. As was noted by the majority in *Saucedo*, the decision to grant or deny pretrial release involves proof, or the absence thereof, of three propositions. The first two, whether the proof is evident and the presumption is great that the defendant committed the offenses charged and that the defendant poses a real and present threat to the safety of any person or persons or the community, are questions of fact. *Saucedo,* 2024 IL App (1st) 232020, ¶¶ 31, 32. The manifest weight standard applies to the review of factual determinations made by the trial judge. *People v. Finlaw,* 2023 IL App (4th) 220797, ¶ 55. We believe the third proposition, that no condition or combination of conditions can mitigate the real and present threat posed by the defendant, is a matter committed to the discretion of the trial judge based on a weighing of several factors to arrive at a decision that promotes principals of fundamental fairness and effective judicial administration. *Saucedo,* 2024 IL App (1st) 232020, ¶ 36; *People v. Reed,* 2023 IL App (1st) 231834, ¶31.

¶ 12 The abuse of discretion standard of review was applied to circuit court decisions relating to the setting of bond. *People v. Simmons,* 2019 IL App (1st) 191253, ¶ 9; *People v. Johnson,* 2019

IL App (3d) 190582, ¶ 8. We find no reason why the same standard of review should not apply to the circuit court's ultimate decision to either grant or deny pretrial release.

¶ 13    However, using any standard of review, we find no basis to reverse the trial court's order denying the defendant pretrial release. In support of her first argument on appeal that the State failed to show by clear and convincing evidence that the proof is evident or the presumption great that she has committed the charged offense, the defendant argues that the only description that the victim gave to the police was that of "female Hispanic," the State offered no information regarding the procedures followed for the photo array, and the State offered no information of how certain the victim was of his identification. One need only review the State's proffer to conclude that the defendant's argument on this issue lacks merit.

¶ 14    In her third argument, the defendant asserts that she was denied an opportunity for a fair hearing prior to the entry of the order denying her pretrial release. A review of the record establishes that defense counsel was not in any way constrained in the presentation of her proffer, nor is there any basis to assert that the State withheld any documents or statements it relied upon in petitioning for pretrial detention. We find that the defendant's assertion that she was denied an opportunity for a fair hearing is not only meritless, it is specious.

¶ 15    Finally, we are left with the defendant's argument that the State failed to meet its burden of showing, by clear and convincing evidence, that no condition or combination of conditions of pretrial release can mitigate the real and present threat she poses to the safety of the community. In analyzing this argument, we take particular note of the fact that the defendant has not argued that the State failed to meet its burden of showing that she poses a real and present threat to the safety of the community.

¶ 16   Whether we would review the trial court's finding that no condition or combination of conditions of pretrial release can mitigate the real and present threat the defendant poses to the safety of the community for abuse of discretion, applying a manifest weight standard, or *de novo,* our conclusion would be the same; there is no basis to reverse the trial court's detention order.

¶ 17   There are cases where the circumstance of the charged offense, the defendant's alleged participation, and the defendant's status at the time of the offense are, without more, sufficient to support a finding that no condition or combination of conditions can mitigate the danger posed by the defendant to the community.  We believe that this is such a case.

¶ 18   The defendant is charged with a violent crime while armed with a laser-cited handgun which she pointed at the victim. She is not charged with a nonviolent crime, a crime of passion, or a status offense.  She is charged with a premeditated violent offense while armed.  At the time of the charged offense, the defendant was already on pretrial release.  In this case, the trial court went further.  The report of proceedings reflects that, in determining whether no condition or conditions of pretrial release could mitigate the danger posed by the defendant, the trial court specifically recounted in detail the facts in mitigation offered by defense counsel and weighed those facts against the violent nature of the offense for which the defendant is charged and the fact that, when she committed the alleged offense, she was on pretrial release the conditions of which included that she not commit any criminal offense.  We find nothing in the statute which would require a trial court to recite every conceivable condition of pretrial release and then state why those conditions would not mitigate the danger posed by a defendant. The only requirement is that the trial court state the specific facts supporting its determination which the trial court did in this case.

¶ 19 Based on the foregoing analysis, we affirm the order of the circuit court detaining the defendant and remanding her to the custody of the Cook County sheriff pending trial.

¶ 20 Affirmed.

¶ 21 JUSTICE OCASIO, dissenting:

¶ 22 The facts proffered at the detention hearing did not provide a basis for concluding that home confinement with electronic monitoring would not be an adequate condition of pretrial release, the trial court erred by finding that no condition or set of conditions would mitigate the threat posed by Burgos to community safety. Accordingly, I respectfully dissent from the judgment of the majority.

¶ 23 Under the amended pretrial-release provisions of the Code of Criminal Procedure unofficially known as the Pretrial Fairness Act (see 725 ILCS 5/art. 110 (West 2022)), all defendants, including those charged with serious and violent offenses, are presumptively entitled to pretrial release. 725 ILCS 5/110-2, 110-6.1(e) (West 2022). That presumption can be overcome in certain cases, including ones where the defendant is charged with a forcible felony, a term of art that encompasses "any *** felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.* § 110-6.1(a)(1).

¶ 24 There is no dispute here that Burgos has been charged with a detainable offense. To overcome the presumption in favor of release, the State is required to prove three propositions:

"(1) the proof is evident or the presumption great that the defendant has committed [a detainable offense], ***

(2) *** the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, *** and

(3) no condition or combination of conditions [of pretrial release] can mitigate [that threat]." *Id.* § 110-6.1(e).

The State "bear[s] the burden of proving" each of these propositions "by clear and convincing evidence." *Id.* That high standard of proof requires evidence that "leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74. The point of requiring clear and convincing evidence is to err on the side of caution when unusually significant interests are at stake. See *In re D.T.*, 212 Ill. 2d 347, 362 (2004) (explaining that the burdened party "shoulders a greater share of the risk of an erroneous determination" under the clear-and-convincing standard of proof).

¶ 25 There is not a settled standard for reviewing a determination that the State met its burden of proving that no set of release conditions would adequately mitigate whatever safety threat the defendant poses. See *People v. Lee*, 2024 IL App (1st) 232137, ¶ 21 (surveying case law). Some cases have treated that determination as a discretionary decision reviewable only for an abuse of discretion, which occurs only if the lower court's decision was arbitrary, fanciful, unreasonable, or based on a position that no reasonable person would agree with. *E.g. People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 36. Other cases have treated it as a finding of fact that must be affirmed unless it is against the manifest weight of the evidence, which is only the case if the opposite conclusion is clearly evident or if the finding is unreasonable, arbitrary, or not based on the evidence. *E.g. People v. Stock*, 2023 IL App (1st) 231753, ¶¶ 12, 21. In my view, however, such determinations should be reviewed *de novo*, at least when they do not involve contested questions of historical fact. See *People v. Whitaker*, 2024 IL App (1st) 232009, ¶¶ 80-138 (Ellis, J., concurring).

¶ 26 Here, the trial court found that the proffered facts of the charged offense showed that Burgos posed a threat to the safety of people in the community at large, and Burgos does not challenge that finding on appeal. The question, then, is whether the trial court properly found that no condition or set of conditions of pretrial release would mitigate that threat.

¶ 27 The trial court noted that Burgos was on pretrial release for aggravated fleeing or attempting to elude a peace officer when the charged offense is alleged to have occurred. I agree with the trial court that this is significant. One of the mandatory conditions of pretrial release is that the defendant "[n]ot violate any criminal statute of any jurisdiction." 725 ILCS 5/110-10(a)(4) (West 2022). By allegedly committing the charged offense while on pretrial release, Burgos displayed a willingness to violate the conditions of pretrial release. The nature of the earlier charge—running from the police—was consistent with a tendency to disregard her duty to obey lawful commands. These facts certainly justify a concern that any condition of release that relied on Burgos's voluntary adherence would not be adequate.

¶ 28 With that in mind, one possible condition of pretrial release is home confinement with electronic monitoring. *Id.* § 110-10(b)(5). For example, the court could order Burgos to stay in her home except as necessary to attend work, doctor's appointments, religious services, and so forth. See 730 ILCS 5/5-8A-4(A) (West 2022). Confinement to the home with these designated exceptions would seem to mitigate any threat she would pose to public safety if permitted to roam the streets at will. Her compliance with the terms of home confinement could be enforced by requiring her to wear a device that records and transmits her location, such as a GPS monitor. See *id.* § 5-8A-2(A). At the detention hearing, defense counsel proffered that Burgos had a place to live where she could be subjected to electronic monitoring. See 725 ILCS 5/110-6.1(f)(2) (West

2022) (providing that both the State and the defendant "may present evidence at the hearing by way of proffer based upon reliable information"). That proffer went unrebutted, and the State did not proffer any information showing that home confinement, enforced by electronic monitoring, was not otherwise available or would not be an effective way to mitigate the risk to community safety.

¶ 29 Before denying pretrial release, the trial court should "take into account the full constellation of conditions at its disposal." *People v. Herrera*, 2023 IL App (1st) 231801, ¶ 33. If potentially effective release conditions are not available, then that fact should be made part of the record. *Id.* ¶ 35. Even though defense counsel argued that Burgos could be released to home confinement with electronic monitoring, the trial court does not appear to have considered home confinement when it denied pretrial release. As far as I can tell, the record contains no evidence showing that home confinement with electronic monitoring would not be adequate. For that reason, I do not believe that the trial court's finding that the State had not only proven otherwise but done so with evidence that was both "clear" and "convincing" can be sustained under any standard of review. Accordingly, I would reverse the trial court's order denying Burgos pretrial release and remand for a conditions-of-release hearing. See 725 ILCS 5/110-5 (West 2022).