2024 IL App (1st) 240536-U
No. 1-24-0536B

FIRST DIVISION
May 28, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

—

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

—

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 246000679 |
| | ) | |
| ARTAEVEON MARTIN, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Ruth Gudino, |
| | ) | Judge Presiding. |

—

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concur in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court did not err when it considered that evidence of the charged crime may have resulted from an improper interrogation. The circuit court considered this factor, along with others, and properly ordered defendant's detention.

¶ 2    Defendant, seventeen-year-old Artaeveon Martin, filed a Pretrial Fairness Act Appeal under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), from the circuit court's order entered on

February 29, 2024, granting the State's petition for pretrial detention. For the following reasons, we affirm.

¶ 3                      BACKGROUND

¶ 4      On February 28, 2024, the State charged defendant, by complaint, with one count of first degree murder (720 ILCS 5/9.1(a)(1) (West 2024)). The State also filed a petition for pretrial detention.

¶ 5      At the pretrial detention hearing, the State proffered that on February 23, 2024, at approximately 8:43 p.m., defendant and two other individuals, Ezekial Gilbert, and Jacob Hill, shot at the home of Derane Wilson. They then fled the scene in an orange Dodge Charger with another individual, Loreyell Spencer. The police responded to the scene and found Wilson in her living room with an apparent gunshot wound. She died from a single gunshot wound to the chest. The cause of death was a gunshot wound, and the manner of death was homicide.

¶ 6      The girlfriend of the victim's son informed the police that the victim's son received threats to his phone from an iCloud email. The police obtained a search warrant for the victim's son's phone and recovered the emailed threats. The police determined that the iCloud email account belonged to defendant.

¶ 7      The police canvassed several surveillance cameras and established the movements of the orange Dodge Charger on February 23, 2024. The police obtained a video in which the orange Dodge Charger, defendant, Gilbert, Hill, and Spencer were at a convenience store approximately two hours before the murder. The police showed video surveillance stills to a school resource officer who identified defendant.

¶ 8      On February 26, 2024, the police executed a search warrant at Spencer's home and took possession of the orange Dodge Charger. On February 27, 2024, the police arrested defendant. The police admonished    defendant    regarding    his    *Miranda*    rights,    including    appropriate    juvenile

admonishments. Following those admonishments, defendant admitted to discharging his firearm into the residence in a video-recorded statement.

¶ 9    In the video-recorded statement, defendant claimed that a few days before the shooting, an individual shot at him, Spencer, and Gilbert while they were in Spencer's orange Dodge Charger. Defendant believed that the individual was Steven, who defendant had a prior falling out with over a $60 drug deal. Steven was Wilson's son. Defendant acquired a gun based on the ongoing conflict.

¶ 10    On February 23, 2023, defendant went to Gilbert's house. While there, they learned that Steven shot at them. Gilbert told defendant to "suit up" because they needed to "handle something." Defendant indicated that "suit up" meant "dirty business." They went to Hill's house to acquire three firearms. Spencer drove them to Steven's house. They arrived at the alley behind Steven's house, and Gilbert, Hill, and defendant exited the orange Dodge Charger. They pointed their guns at the house and fired. After the shooting, they all went home. Defendant hid his gun in the lake behind his house.

¶ 11    The State argued that defendant posed a real and present threat to the safety of the community based on the specific articulable facts of this case and that no conditions could mitigate the risk of danger that he posed to the public. The State provided the circuit court with defendant's criminal history, which included a juvenile offense of armed robbery with a firearm. Additionally, the State informed the court that defendant failed to complete a term of probation for that offense successfully.

¶ 12    Defense counsel argued that the State's proffer resulted from inadmissible statements made by defendant. Defense counsel noted that evidence that the proffer resulted from improper interrogation was relevant in assessing the weight of the evidence against defendant. 725 ILCS 5/110-6.1(f)(6) (West 2024). Defense counsel informed the circuit court that during defendant's

initial police interrogation, he unequivocally asserted his right to counsel. The police then showed him the *Miranda* form and checked the box that indicated he wanted an attorney present. The police ended the interrogation.

¶ 13   Approximately three hours later, two different police officers initiated an interrogation with defendant. They read him his *Miranda* rights. Defendant did not request an attorney at his second interrogation. Defense counsel claimed that defendant did not reinitiate.

¶ 14   The circuit court then remarked: "So it is your position that this is an improper investigation and therefore I should assess the proper weight to that value of that statement given in violation of that interrogation process?" Defense counsel agreed that was his position. The State informed the circuit court that defendant's adopted mother was present during both interrogations.

¶ 15   During its analysis, the circuit court stated:

> "Counsel has made concerns about the circumstance surrounding the statement under 725 ILCS 5/110-6.1(f)(6) in which the Court can take into consideration the unlawful search or seizure or through improper interrogation in assessing the weight of the evidence against the defendant, and I have considered it. But we are at the juncture of determining whether or not detention is appropriate and the burden at this juncture is clear and convincing.
>
> * * *
>
> The statement that is attributable to the defendant ties the identity of him shooting and the facts and circumstances surrounding the shooting. I will take that into consideration although I do note counsel's concern about the proper procedures of how that statement was secured."

The circuit court granted the State's petition for pretrial detention. Defendant appealed.

¶ 16                     ANALYSIS

¶ 17   On appeal, defendant argues that the circuit court erred when it considered defendant's inculpatory statements since they were obtained through improper interrogation, which rendered them inadmissible. According to defendant, the plain language of section 110-6.1(f)(6) of the Code of

Criminal Procedure of 1963 (Code) requires the circuit court to discount inadmissible statements resulting from improper interrogation. The State responds that defendant's argument is based on an erroneous reading of section 110-6.1(f)(6).

¶ 18                    A. The Pretrial Fairness Act

¶ 19    Pretrial release is governed by article 110 of the Code, as recently amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" or the "Pretrial Fairness Act."[1] Under article 110 of the Code, a defendant's pretrial release may only be denied in certain limited situations. *See* 725 ILCS 5/110-2(a), 110-6.1.

¶ 20    If the State files a petition requesting denial of pretrial release, "the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that a defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of another person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution." *People v. Vingara*, 2023 IL App (5th) 230968, ¶ 7; 725 ILCS 5/110-6.1(e), (f). Our supreme court has instructed that "[e]vidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74; see also *People v. Stock*, 2023 IL App (1st) 231753, ¶ 12 ("Clear and convincing evidence is that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." (Internal quotation marks omitted.))

---

[1] Our supreme court has recognized that "[n]either name is official, as neither appears in the Illinois Compiled Statutes or public acts." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

¶ 21    The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense and the court concludes the defendant "poses a real and present threat to the safety of any person" or the community. 725 ILCS 5/110-6.1(a). The statute provides a non-exclusive list of "[f]actors to be considered in making a determination of dangerousness" that the trial court may consider in assessing whether the defendant poses such a threat. 725 ILCS 5/110-6.1(g). These include the nature and circumstances of any offense charged, the defendant's history and characteristics, the identity of any person whose safety the defendant is believed to threaten, and "[a]ny other factors, including those listed in Section 110-5 of this Article deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g).

¶ 22    If the trial court finds the State proved a threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a). In making this determination, the court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community, based on the specific articulable facts of the case, that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.*

¶ 23                    B. Standard of Review

¶ 24    Appellate decisions conflict as to the precise standard of review to be applied to the trial court's determination that the State proved each of section 110-6.1(e)'s threshold requirements by "clear

and convincing evidence." 725 ILCS 5/110-6.1(e) (West 2024). Certain decisions (including at least one from the First District) have held that an abuse of discretion standard of review applies to these findings. *See People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18 (holding that the abuse of discretion standard applies to review of the trial court's findings that State proved by clear and convincing evidence that defendant posed a real and present threat that could not be mitigated by other conditions); *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11 (when a defendant claims the State failed to fulfill its burden under the Act by "clear and convincing evidence," "we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion.")

¶ 25    Other appellate decisions have applied the "manifest weight of the evidence" standard of review to the trial court's findings as to whether the State proved the requirements of section 110-6.1(e) by clear and convincing evidence. *See, e.g., Stock*, 2023 IL App (1st) 231753 at ¶¶ 12-14 (applying manifest weight standard to court's findings that "proof was evident or the presumption was great" that defendant committed offense and that defendant posed a real and present threat); *People v. Hernandez*, 2023 IL App (2d) 230361-U, ¶ 21 ("We review under the manifest-weight-of-the-evidence-standard the trial court's factual findings regarding whether the State presented clear and convincing evidence that a qualifying offense has been committed, that mandatory conditions of release would fail to protect any person or the community, or that no condition or combination of conditions can mitigate the real and present threat ***.")

¶ 26    Some decisions have described the standard of review as "twofold", meaning the trial court's factual findings are reviewed under the manifest weight standard, but its ultimate detention decision is reviewed for an abuse of discretion. *See, e.g., People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13 (applying manifest weight standard to trial court's factual findings that the State

presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community or that defendant has a high likelihood of willful flight.)

¶ 27    We find the twofold approach is well-reasoned. We keep in mind that section 110-6.1 of the Code requires the State to prove by "clear and convincing evidence" that "the proof is evident or the presumption great" that the defendant committed a qualifying offense, that defendant "poses a real and present threat to the safety of any person or persons or the community," and that no condition or combination of conditions can mitigate the threat. 725 ILCS 5/110-6.1(e). Thus, we think it is proper to review factual findings under the manifest weight of the evidence standard. However, "we review for an abuse of discretion the trial court's ultimate determination regarding pretrial release." *Trottier*, 2023 IL App (2d) 230317 at ¶ 13 (describing "twofold" standard of review).

¶ 28    In any event, we would reach the same result under either the manifest weight or abuse of discretion standard. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). An abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the position adopted by the trial court. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 29                    C. Improper Interrogation

¶ 30    On appeal, defendant argues that the circuit court erred when it considered defendant's inculpatory statements since they were obtained through improper interrogation, which rendered them inadmissible. According to defendant, the plain language of section 110-6.1(f)(6) of the Code requires the circuit court to discount inadmissible statements resulting from improper

interrogation. The State responds that defendant's argument is based on an erroneous reading of section 110-6.1(f)(6).

¶ 31 Section 110-6.1(f)(6) of the Code states that "[t]he defendant may not move to suppress evidence or a confession, however, evidence that proof of the charged crime may have been the result of an unlawful search or seizure, or both, or through improper interrogation, is relevant in assessing the weight of the evidence against the defendant." 725 ILCS 5/110-6.1(f)(6) (West 2024). A plain reading of section 110-6.1(f)(6) requires a circuit court to consider evidence that proof of the charged crime may have resulted from improper interrogation when it assesses the weight of the evidence against the defendant. *People v. Perry*, 224 Ill. 2d 312, 323 (2007) (the language of a statute must be given its plain and ordinary meaning). Accordingly, whether evidence has been obtained from unlawful searches of seizures, or both is only "relevant" in assessing its weight. *People v. Parker*, 2024 IL App (1st) 2321164, ¶ 60.

¶ 32 Here, the record shows that the circuit court considered evidence that defendant's inculpatory statements resulted from an improper interrogation. Following defense counsel's argument regarding the improper interrogation, the circuit court recapped the argument to defense counsel. *Supra* ¶ 14. Moreover, the circuit court twice demonstrated that it considered defendant's argument. *Supra* ¶ 15. Contrary to defendant's argument on appeal, a circuit court is not required to decide the legality of an investigative procedure at a pretrial detention hearing and then discount any evidence obtained from it. If the legislature intended for the circuit court to make this decision at this stage, it would have allowed a defendant to move to suppress evidence at the pretrial detention hearing.

¶ 33    Thus, since the circuit court considered evidence that defendant's inculpatory statements resulted from an improper interrogation when it weighed the evidence against defendant, the circuit court's decision was not unreasonable. *Supra* ¶ 28.

¶ 34                    CONCLUSION

¶ 35    For the reasons stated above, we affirm the decision of the circuit court of Cook County.

¶ 36    Affirmed.