2023 IL App (1st) 231753

No. 1-23-1753B

Opinion filed December 18, 2023

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2023 DV 75012 |
| | ) | |
| KIEL STOCK, | ) | Honorable |
| | ) | Michael J. Hogan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Reyes concurred in the judgment and opinion.
Justice R. Van Tine specially concurred, with opinion.

**OPINION**

¶ 1    Defendant Kiel Stock is charged with one count of aggravated battery/discharge of a firearm pursuant to section 12-3.05(e)(1) of the Criminal Code of 2012 (720 ILCS 5/12-3.05(e)(1) (West 2022)) and now appeals the trial court's order denying him pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The General Assembly used Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act, to amend article 110 of the Code (725 ILCS 5/art. 110 (West 2022)) and

effect sweeping changes to how our criminal justice system treats pretrial detention and release. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 & n.1 (noting neither "(SAFE-T) Act" nor "Pretrial Fairness Act" are "official" names but common shorthand for sequence of public acts). Article 110 eliminates cash bail, presumes that *all* defendants, regardless of the alleged offense, are eligible for pretrial release, and establishes a number of new procedural rules regarding pretrial release. To succeed on a petition for pretrial detention, the State must make certain showings by clear and convincing evidence to demonstrate why the pretrial incarceration of any defendant is warranted. 725 ILCS 5/110-6.1(e)(1)-(4) (West 2022).

¶ 2      Here, the State failed to prove that no condition or combination of conditions found in section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) can mitigate the real and present threat to the safety of any person or the community. 725 ILCS 5/110-6.1(e)(3) (West 2022). As a result, the trial court erred in denying defendant pretrial release and, in the process, failed to comply with the plain language of section 110-6.1 of the Code, which requires the trial court's written order to explain why conditions less restrictive than pretrial detention are not sufficient to avoid the threat to any person or the community. For those reasons, we reverse the judgment of the trial court and remand.

¶ 3                          I. BACKGROUND

¶ 4      On September 18, 2023, the State charged defendant with aggravated battery and filed a petition seeking to deny pretrial release. The same day, the trial court held a pretrial release hearing.

¶ 5      As article 110 of the Code contemplates, the State made a factual proffer, which is summarized as follows. On September 14, 2023, defendant's wife, Jennifer, the complaining

witness, informed defendant that she wanted a divorce and began packing her belongings before leaving. She returned to the marital home on September 17, 2023, at approximately 5:50 p.m. with several friends to gather her belongings. Defendant's 15-year-old daughter[1] was home at the time. Defendant became irate that Jennifer brought friends with her, and he threw a broom at them. As Jennifer and her friends began loading a box, defendant went into the bedroom. Jennifer and her friends took a box outside and then returned to the home. Defendant exited the bedroom, yelled at Jennifer and her friends, and returned to the bedroom, where he picked up a handgun. He then discharged one round into the bedroom wall, on the other side of which was an adjoining bathroom. The bullet penetrated the wall. Jennifer, who was in the bathroom, suffered a grazing wound to her stomach and an injury to her hand from shrapnel from a fragmented bullet. Upon the arrival of responding officers, they recovered a 9-millimeter shell casing from the bedroom. Defendant granted officers access to his safe, from which a Ruger P89 9-millimeter handgun was recovered. Jennifer transported herself to the hospital but, according to defense counsel, not before she and her friends visited a bar. The trial court subsequently struck the portion of the State's proffer related to the bullet shrapnel, as such information had not been tendered to defense counsel.

¶ 6    Defense counsel made her own proffer that defendant was 45 years old with a bachelor's degree in computer science and a graduate degree in software engineering. He was employed full time as the director of technology for a company named Ticket Attendant and could continue to perform that work remotely from home. Both he and his daughter volunteered at the Pilsen Food Pantry. Defense counsel also proffered that, based on the home's floorplan, the master bedroom does not share a wall with the bathroom in which Jennifer was injured. The conflicting

---

[1]Defendant had full custody of his daughter. Her biological mother is not the complaining witness and lives in California.

representations of the bathroom's location were never resolved. Furthermore, defense counsel stated that a bomb and arson squad was initially brought in to investigate on the belief that something had exploded in the bathroom. Additionally, while defendant knew that Jenifer and her friends had been in and out of the home, he believed they had left at the time he discharged the gun. Lastly, defendant had no criminal background prior to this case and suffered from anxiety and depression, which defense counsel stated had been exacerbated by his marital issues. Defendant requested that the trial court release him to home confinement and expressed a willingness to submit to GPS monitoring if the trial court deemed it necessary.

¶ 7     Pretrial services prepared a public safety assessment of defendant, which reported that he scored a 1 out of 6 on the "new criminal activity" scale and a 1 out of 6 on the "failure to appear" scale. The trial court found that the State had met its burden to show that (1) proof was evident or the presumption was great that defendant committed a detainable offense; (2) defendant posed a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case; and (3) no condition or combination of conditions of pretrial release can mitigate the real and present threat posed by defendant.

¶ 8     The trial court ordered that defendant be detained pending trial and entered a written order. In the space provided on the form order to describe why the State had proved the third element of its burden, that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community, the trial court simply wrote, "The defendant shot a firearm at the complaining witness." The trial court also ordered that defendant be evaluated for anxiety, depression, and suicidal ideation.

¶ 9    Defendant timely appealed the detention order. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023). Defendant did not file a brief or memorandum, instead relying on his notice of appeal, while the State did file a memorandum. In his notice of appeal, defendant argued that the State failed to prove that (1) proof is evident or the presumption great that defendant committed a detainable offense, (2) defendant poses a threat to any person or the community, and (3) no condition or combination of conditions contained within section 110-10(b) of the Code can mitigate that threat. See 725 ILCS 5/110-6.1(e) (West 2022). Defendant also claimed that the trial court erred in concluding that no condition or combination of conditions would reasonably ensure defendant's appearance or prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 10                                    II. ANALYSIS

¶ 11    Section 110-6.1(e) of the Code presumes that all defendants are eligible for pretrial release and places the burden of justifying pretrial detention by clear and convincing evidence on the State. 725 ILCS 5/110-6.1(e) (West 2022).

¶ 12    Clear and convincing evidence is " 'that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question.' " *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12. We will not reverse a finding that there was clear and convincing evidence unless the trial court's finding was against the manifest weight of the evidence. *In re C.N.*, 196 Ill. 2d 181, 208 (2001). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 13     We agree with the State that the trial court's findings on the first two elements were not against the manifest weight of the evidence. As to whether the proof was evident or the presumption was great that defendant committed a detainable offense, he was charged with aggravated battery/discharge of a firearm, which is a detainable offense. 725 ILCS 5/110-6.1(a)(1), (e)(1) (West 2022). There was some conflict over the layout of the home and whether evidence about the bullet shrapnel was properly before the trial court. However, the State's proffer claimed that defendant discharged a firearm into the wall and, simultaneously, Jennifer was grazed by some sort of projectile while in the bathroom and suffered an injury to her hand. The State's burden at this stage is not proof beyond a reasonable doubt, and the State's proffer set out clear and convincing evidence that the proof was evident or that the presumption was great that defendant committed the charged offense.

¶ 14     As to whether defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, the State's proffer provided clear and convincing evidence. 725 ILCS 5/110-6.1(e)(2) (West 2022). Defendant discharged a firearm in his own home. Even if we were to assume that defendant did not intend to harm his wife as defendant's proffer maintained, he nevertheless needlessly discharged a firearm inside his home where his 15-year-old daughter was present and where other adults were moving in and out of the home. Defendant's behavior as alleged, at a bare minimum, was dangerous, and such behavior poses a threat to those around him even if he did not intend any harm.

¶ 15     However, the third element the State had to prove to justify pretrial detention is that no condition or combination of conditions contained within section 110-10(b) of the Code can mitigate the real and present threat to the safety of any person or the community. 725 ILCS 5/110-

6.1(e)(3)(i) (West 2022). We agree with defendant that the State failed to meet its burden of proof on that element and that the trial court erred in its determination that no condition or combination of conditions would suffice to mitigate any threat.

¶ 16      Section 110-10(a) establishes a number of mandatory conditions that must be imposed for defendants released prior to trial. 725 ILCS 5/110-10(a) (West 2022). Section 110-10(b) then provides a number of discretionary conditions that the trial court may impose, which include but are not limited to (1) restrictions on leaving Illinois without leave of court, (2) prohibitions on possessing firearms or other dangerous weapons, and (3) prohibitions on communicating with particular persons or classes of persons. 725 ILCS 5/110-10(b)(0.05), (2), (3) (West 2022). Section 110-10(b) also authorizes the trial court to impose "[s]uch other reasonable conditions" if those conditions are individualized and the least restrictive means possible to ensure defendant's appearance in court and compliance with pretrial release rules, court procedures, and criminal statutes. 725 ILCS 5/110-10(b)(9) (West 2022).

¶ 17      Our analysis of whether the State met its burden of proof on this issue is a simple one because the State presented no evidence on this element. The State's proffer provided its version of the facts of the case, the fact that the complaining witness self-transported to the hospital, and the assertion that defendant has no other criminal background. While the State made a conclusory statement that no condition or combination of conditions could mitigate the threat posed by defendant, it offered no evidence to support that conclusion. Indeed, the State at no point referenced or discussed these conditions or section 110-10(b) of the Code.

¶ 18      It must also be noted that, logically, the bare allegations that defendant has committed a violent offense are not sufficient to establish this element. Our legislature has mandated that all

criminal defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Thus, even those accused of violent offenses are presumed eligible for pretrial release, and it is the State who must justify their pretrial detention. 725 ILCS 5/110-6.1(e) (West 2022). This is not to say that alleged facts stating the basic elements of an offense are not relevant or are not part of the proof that no conditions could mitigate the threat posed by a defendant. But more is required. If the base allegations that make up the *sine qua non* of a violent offense were sufficient on their own to establish this element, then the legislature would have simply deemed those accused of violent offenses ineligible for release. In other words, if alleging that defendant discharged a firearm and struck a person was sufficient to show that no conditions of pretrial release could mitigate any threat, then no defendant charged with aggravated battery/discharge of a firearm would ever be eligible for pretrial release. That is clearly at odds with the statute's presumption of eligibility for all defendants, and the plain language of article 110 of the Code indicates that more is required. See *People v. Ramirez*, 2023 IL 128123, ¶ 13 ("The best evidence of legislative intent is the statutory language itself, which must be given its plain and ordinary meaning.").

¶ 19    Here, the State relied simply on its factual proffer about the allegations, which did nothing to establish that no combination of conditions could mitigate the threat. We cannot infer on behalf of the State that there is no conceivable combination of conditions that could mitigate the threat. Without something more, the trial court's finding was against the manifest weight of the evidence—particularly in a case like this one where defendant has no other criminal history beyond the instant case and the record before us demonstrates that defendant has otherwise been an upstanding and law-abiding member of the community.

¶ 20    Underscoring this lack of proof is the trial court's written order denying pretrial release. If the trial court orders pretrial detention, it must provide a written summary explaining why less restrictive conditions would not avoid a real and present threat to the safety of any person or the community. 725 ILCS 5/110-6.1(h)(1) (West 2022). The trial court's application of the law is a legal question to be reviewed *de novo*. *Ramirez*, 2023 IL 128123, ¶ 13. The trial court's written order does not comply with this requirement because it did not supply such an explanation. Additionally, while the statute is specific that the written order must contain this reasoning, the trial court's oral pronouncement did not contain any such reasoning, either. Instead, in the blank space allotted for this particular finding on the form order, the trial court wrote, "The defendant shot a firearm at the complaining witness." In line with our reasoning above, this falls short of explaining why less restrictive means would be insufficient to mitigate any threat defendant poses.

¶ 21    Thus, the trial court's finding that no conditions of pretrial release could mitigate the threat was against the manifest weight of the evidence. Without clear and convincing proof of this element, there is no basis upon which to detain defendant, and the trial court erred in its determination that no condition or combination of conditions could mitigate the threat posed by defendant.

¶ 22    On remand, the trial court should enter an order consistent with this opinion with the caveat that we express no opinion about what conditions of pretrial release should or should not be imposed upon defendant and leave that to the discretion of the trial court. Furthermore, nothing in this opinion precludes the State from seeking to detain defendant by filing a second petition. See 725 ILCS 5/110-6.1(d)(2) (West 2022) (requiring State "to present a verified application setting

forth in detail any new facts not known or obtainable at the time of the filing of the previous petition").

¶ 23    Reversed and remanded.

¶ 24    VAN TINE, J., specially concurring:

¶ 25    I concur in the ultimate outcome of this appeal. However, I would review the trial court's ruling under the abuse of discretion standard rather than the manifest weight of the evidence standard. See, *e.g.*, *People v. Bradford*, 2023 IL App (1st) 231785, ¶ 33; *People v. James Whitmore*, 2023 IL App (1st) 231807, ¶ 18; *People v. Inman,* 2023 IL App (4th) 230864, ¶ 11. The manifest weight of the evidence standard applies to our review of a trial court's findings following a hearing at which evidence was presented in the form of sworn witness testimony and exhibits, such as an order of protection hearing (*Best v. Best*, 223 Ill. 2d 342, 348 (2006)) or a motion to suppress in a criminal case (*People v. Cregan*, 2014 IL 113600, ¶ 22).

¶ 26    It appears that the State is not presenting evidence in that manner at pretrial detention hearings. Rather, my review of pretrial detention hearings to date indicates that the State is simply making allegations and proffers about the facts of the case and the defendant's criminal background. The Act allows this approach. It permits both parties to "present evidence at the hearing by way of proffer based upon reliable information" and provides that the Illinois Rules of Evidence do not apply at pretrial detention hearings. 725 ILCS 5/110-6.1(f)(2), (5) (West 2022). In my view, this indicates that the legislature views a pretrial detention hearing differently from a motion to suppress hearing or an order of protection hearing, so a different standard of review should apply. As a practical matter, it is difficult for me to say that pretrial detention hearings involve "evidence" that a reviewing court could weigh.

¶ 27    However, the result of this case would be the same under either standard, which is why I concur with the outcome.

---

### *People v. Stock*, **2023 IL App (1st) 231753**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2023-DV-75012; the Hon. Michael J. Hogan, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Mara Adelman, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Gerrard R. Burch Jr., Assistant State's Attorney, of counsel), for the People. |

---