**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240473-U

Order filed October 31, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0473 Circuit No. 24-CF-1355 |
| ISAIAH L. ROACH, | ) ) ) | Honorable Ann Celine O'Hallaren Walsh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1      *Held*:  The circuit court did not abuse its discretion when granting the State's pretrial detention petition.

¶ 2      Defendant, Isaiah L. Roach, appeals his pretrial detention, arguing that the Du Page County circuit court erred in granting the State's detention petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged on June 20, 2024, with armed robbery with a firearm (Class X) (720 ILCS 5/18-2(a)(2) (West 2022)), theft (Class 2) (*id.* § 16-1(a)(1)), and unlawful possession of a stolen motor vehicle (Class 2) (625 ILCS 5/4-103(a)(1) (West 2022)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a detainable offense, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)).

¶ 5        The factual basis provided that on June 19, 2024, at approximately 10:30 p.m., officers responded to a call of a vehicular hijacking that had just occurred. The victim indicated that he had advertised his 2019 Dodge Charger for sale for $14,000 on Facebook Marketplace. He received correspondence from an individual with a Facebook profile name of "Mike Sims," but later identified as defendant. The victim and defendant agreed to meet at 6 p.m. The victim picked defendant up at the specified location, and they drove around in the Charger, negotiating the terms of the sale. The victim then parked the car in the police station parking lot, and defendant stated he would reach out once his mother had the money. Defendant contacted the victim around 9:30 p.m., indicated he had the money, and requested to meet at Culvers. However, the victim insisted on meeting at the police station. They met at the police station and conversed in the lobby. This conversation was observed by the front desk officer. Defendant refused to go inside the police station, so they decided to conduct the transaction at Jewel because it was a public place with security cameras.

¶ 6        Once inside the Jewel, the victim asked defendant for the money. Defendant fumbled around in a backpack before reaching into his waistband, displaying a black handgun, and telling the victim, "give me the keys if you ever want to see your family again." The victim then threw

2

the key fob at defendant, ran to the customer service desk, and called the police. The vehicle was located at a gas station, where defendant was seen pumping gas before fleeing on foot. Defendant was ultimately taken into custody. The victim positively identified defendant in a photograph lineup, and surveillance video was obtained from Jewel. Defendant admitted to having the keys in his pocket and being in the car but stated that he was the passenger.

¶ 7        At the time of the offense, defendant was on pretrial release in Cook County for a "nearly identical" vehicular hijacking in April 2024. A pretrial risk assessment indicated that defendant was a moderate risk. He had two pending traffic cases in Cook County and was on court supervision for criminal trespass to property.

¶ 8        A hearing was held on June 21, 2024. The State provided the factual basis and indicated that defendant was on pretrial release for a similar incident and was also a suspect in a second, uncharged armed robbery. The State argued there were no conditions to mitigate the danger defendant posed, noting that defendant was already on release, yet continued to violate criminal statutes. Defense counsel indicated that there were no conditions that could be imposed, including requiring that he comply with a psychological evaluation and any further court orders.

¶ 9        The court found that the State met its burden by clear and convincing evidence. In doing so, the court found that defendant posed a danger to the community, where he "randomly chose a complete stranger he [did not] know to engage in this criminal behavior which means he's willing to do it with anybody else in the community." The court also noted that he pulled a gun on the victim in a public place. Regarding conditions for release, the court stated that defendant "was given the benefit of release" on his other case yet committed this offense in a "short span of time." The court also noted that defendant was on court supervision. The court stated,

3

"He has shown that he is not likely to comply with any conditions of release. If I were to put him on electronic home monitoring, it could not prevent his access to dangerous weapons. He would have to be released at various points of the day to go about his business in the public. And any time he enters the public, this danger of this behavior which is now allegedly occurred twice in the short span of time is very likely to occur."

¶ 10 On July 24, 2024, defendant filed a motion for relief from denial of pretrial release. The motion challenged the State's proof that defendant was dangerous and that there were no conditions to mitigate his dangerousness. The court denied the motion after a hearing. Defendant now appeals.

¶ 11                                   II. ANALYSIS

¶ 12 On appeal, defendant argues the court erred in granting the State's petition. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 9. "Under either standard, we consider whether the court's determination is arbitrary or unreasonable." *Id.*

¶ 13 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). When determining a defendant's dangerousness

4

and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 14　　At the outset, we note that the State argues that defendant's motion for relief was deficient for failing to develop and present his argument and support it with citations. We disagree. Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) solely requires that defendant file "a written motion requesting the same relief to be sought on appeal and the grounds for such relief." Defendant's motion was thus sufficient where it indicated that it believed the State failed to meet its burden regarding dangerousness and conditions and asked to be released.

¶ 15　　We find the court did not abuse its discretion by detaining defendant. We will only consider the State's proof on the second and third propositions, as those were the only two issues raised in the motion for relief. See *id.* First, the State proved that defendant posed a real and present threat to the community where he picked a random individual from Facebook and threatened him with a gun in a public grocery store. Second, the State presented evidence that defendant was on pretrial release and court supervision in Cook County at the time of the offense, yet still committed the instant offense. Based on this evidence, it was not against the manifest weight of the evidence for the court to find that defendant was unlikely to comply with any conditions. Taking the evidence before us, we cannot say the court's decision to detain defendant was an abuse of discretion.

¶ 16　　　　　　　　　　　　　　III. CONCLUSION

¶ 17　　The judgment of the circuit court of Du Page County is affirmed.

¶ 18　　Affirmed.

¶ 19　　PRESIDING JUSTICE McDADE, dissenting:

5

¶ 20    I dissent from the majority's order that affirms the circuit court's decision to grant the State's petition to deny pretrial release.

¶ 21    The State has the explicit burden under section 110-6.1(e)(3) of proving, by clear and convincing evidence, that

> "no condition or combination of conditions set forth in subsection (b) if Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, for offense listed in paragraphs (1) through (7) of subsection (a), or (ii) the defendant's willful flight for offense listed in paragraph (8) of subsection (a)."
>
> *Id.*

The manner in which section 110-6.1(e)(3) is written indicates that at a detention hearing, the State would address, at a minimum, the conditions listed in section 110-10(b). See, *e.g.*, *People v. Stock*, 2023 IL App (1st) 231753, ¶¶ 15-19. "Of course, not every conceivable condition needs to be addressed by the State to meet its burden under section 110-6.1(e)(3). But the language of that section shows that the legislature contemplated what conditions would arguably be applicable and mandated that the State present evidence and argument on them." *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 27 (McDade, P.J., dissenting), *appeal allowed*, No. 130693 (Ill. June 12, 2024).

¶ 22    At the detention hearing, while the State speculated that Roach would not comply with any conditions based on the fact that he committed a crime while on pretrial release, it presented no evidence on actual conditions, including conditions above and beyond any conditions attached to Roach's prior pretrial release that could adequately mitigate the danger he posed. I do not believe the State can meet its burden of proof under section 110-6.1(e)(3) by merely

6

speculating that an accused will not comply with any conditions. The presumption that he is eligible for release has not been rebutted by the State. This case should be reversed and remanded for further proceedings in which Roach should be admitted to pretrial release, despite the terrible nature of his alleged crimes, because the State failed to meet its burden of proof under section 110-6.1(e)(3).