2024 IL App (1st) 241898-U
No. 1-24-1898B

FIRST DIVISION
December 23, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23CR8820 |
| | ) | |
| GEBRON CLARK, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Adrienne E. Davis, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justice Cobbs concurred in the judgment.
Presiding Justice Fitzgerald Smith specially concurred.

## ORDER

¶ 1    *Held:* The circuit court did not err when it denied defendant's motion for relief from pretrial detention.

¶ 2    Defendant Gebron Clark filed a Pretrial Fairness Act Appeal under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), from the circuit court's order entered on September 13, 2024, denying Defendant's motion for relief from judgment. For the following reasons, we affirm.

¶ 3                                   BACKGROUND

¶ 4        Defendant was charged with twelve counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2022) and two counts of aggravated discharge of a firearm (*id*. § 24-1.2(a)(1)).

¶ 5        On July 15, 2024, defendant filed a motion to vacate detention order and release him from pretrial detention pursuant to 720 ILCS 5/110-7.5 (West 2024). In his motion, defendant alleged that he was arrested for the offense of first degree murder on July 23, 2023. Following his arrest, he was detained. Defendant noted that he may only be denied pretrial release upon the filing of a verified petition for pretrial detention as of September 18, 2023. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (vacating stay of pretrial release provisions in Public Acts 101-652 and 102-1104 on September 18, 2023).

¶ 6        On July 16, 2024, the State filed a petition for pretrial detention hearing. On the same day, the circuit court held a pretrial detention hearing. The State proffered that defendant was traveling from a repast with a group of friends in two separate cars on June 3, 2023. They parked at 8313 South Ingleside, Chicago, Illinois. Defendant exited one car and went in the other car. After approximately forty five minutes to an hour, he exited that car and started walking back to the first car. He exchanged words with the victim, who was on his porch on the opposite side of the street. Defendant produced a firearm, pointed it at the victim, and crossed the street. Another individual exited one of the vehicles and attempted to calm defendant. Defendant ignored the individual and continued across the street. He raised his firearm and fired eight times at the victim. He then fled the area. The victim died at the hospital.

¶ 7        The individual, who attempted to calm defendant, identified defendant in a photo array and provided a video statement to the police. Another individual, who was in one of the cars, identified defendant in a photo array as the person who shot the victim. A video partially

captured the incident. The video showed defendant crossing the street and pointing a black object at the victim. An individual attempts to stop defendant and defendant walks around the individual. Defendant walks out of the frame, followed by the sound of eight gunshots.

¶ 8        The witnesses on the scene described the victim as shirtless, with loose-fitting pants. The victim did not have a firearm on his person. The victim's girlfriend exited the house immediately after the shooting and found the victim unarmed. The victim had a cellphone in his hand. Defendant provided a video statement to the police. In the video statement, defendant stated that the victim brandished a firearm at him and threatened to kill him.

¶ 9        The State noted that this incident occurred while defendant was on first-time weapon offender probation for aggravated unlawful use of a weapon. The State argued that there were no conditions of pretrial release that could safeguard the community from the threat that defendant posed to it.

¶ 10        Defendant argued that there were multiple people present during the shooting but that only two eyewitnesses identified defendant as the shooter. He further argued that he could have been acting in self-defense and that he was presumed innocent. He noted that he did not have a criminal background because the aggravated unlawful use of a weapon was not a conviction yet. He stated that the facts of the present case could not be used as a basis to prove that he posed a real and present danger, and he referenced *People v. Stock*, 2023 IL App (1st) 231753. He claimed that electronic home monitoring was an option, and he complied with his probation but for this case.

¶ 11        The State responded that identity was not at issue in this case. Two of defendant's friends identified him as the shooter and defendant placed himself at the scene by claiming he acted in

self-defense. Three witnesses stated that the victim did not have a gun. The State highlighted that defendant was on probation when he committed the actions in this case.

¶ 12 The circuit court determined that the State showed by clear and convincing evidence that the proof was evident, or the presumption great that defendant committed an eligible offense of first degree murder. The circuit court stated that defendant posed a real and present threat to the safety of the community based on the specific articulable facts of the case. The circuit court noted that defendant allegedly committed first degree murder while on probation for unlawful use of a weapon. The circuit court asserted that no condition or combination of conditions could mitigate the real and present threat to the safety of the community because electronic home monitoring allowed unfettered movement, and defendant previously disobeyed the court while on probation. The circuit court granted the State's petition for pretrial detention.

¶ 13 On July 19, 2024, defendant filed a motion for relief under the Pretrial Fairness Act. In his motion, defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident, or the presumption great that he committed the offense of first degree murder. He also argued that the State failed to meet its burden of proving by clear and convincing evidence that he posed a real and present threat to the safety of the community which could not be mitigated. The circuit court held a hearing on defendant's motion.

¶ 14 At the hearing, defendant restated his arguments from the prior hearing. Defendant also added that one of his daughters was currently on life support and his other children were taken into custody by the Illinois Department of Children and Family Services. The State reiterated its arguments from the prior hearing. The State also noted that defendant's Instagram account showed him handling a firearm a few days before the shooting and while on probation.

Defendant argued that the Instagram photo showed him handling something that looked like a firearm, but it was unclear whether it was a firearm.

¶ 15    The circuit court denied defendant's motion. Defendant appealed.

¶ 16                                ANALYSIS

¶ 17    On appeal, defendant argues that the circuit court erred when it determined that the State met its burden of proving by clear and convincing evidence that the proof was evident, or the presumption great the defendant committed the offense of first degree murder. He also argues that the circuit court erred when it determined that the State met its burden of proving by clear and convincing evidence that he posed a real and present threat to the safety of the community which could not be mitigated upon release. Additionally, for the first time, he contends that he is not a flight risk.

¶ 18                        The Pretrial Fairness Act

¶ 19    Pretrial release is governed by article 110 of the Code, as recently amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" or the "Pretrial Fairness Act."[1] Under article 110 of the Code, a defendant's pretrial release may only be denied in certain limited situations. *See* 725 ILCS 5/110-2(a), 110-6.1 (West 2024).

¶ 20    If the State files a petition requesting denial of pretrial release, "the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that a defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of another person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the

---

[1] Our supreme court has recognized that "[n]either name is official, as neither appears in the Illinois Compiled Statutes or public acts." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

community and/or prevent the defendant's willful flight from prosecution." *People v. Vingara*, 2023 IL App (5th) 230968, ¶ 7; 725 ILCS 5/110-6.1(e), (f) (West 2024). Our supreme court has instructed that "[e]vidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74; see also *People v. Stock*, 2023 IL App (1st) 231753, ¶ 12 ("Clear and convincing evidence is that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." (Internal quotation marks omitted.))

¶ 21        The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense and the court concludes the defendant "poses a real and present threat to the safety of any person" or the community. 725 ILCS 5/110-6.1(a) (West 2024). The statute provides a non-exclusive list of "[f]actors to be considered in making a determination of dangerousness" that the trial court may consider in assessing whether the defendant poses such a threat. *Id.* § 110-6.1(g). These include the nature and circumstances of any offense charged, the defendant's history and characteristics, the identity of any person whose safety the defendant is believed to threaten, and "[a]ny other factors, including those listed in Section 110-5 of this Article deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." *Id*.

¶ 22        If the trial court finds the State proved a threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2024). In making this determination, the court must

consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community, based on the specific articulable facts of the case, that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.*

¶ 23                                                          Standard of Review

¶ 24        Appellate decisions conflict as to the precise standard of review to be applied to the trial court's determination that the State proved each of section 110-6.1(e)'s threshold requirements by "clear and convincing evidence." 725 ILCS 5/110-6.1(e) (West 2024). Certain decisions (including at least one from the First District) have held that an abuse of discretion standard of review applies to these findings. *See People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 18 (holding that the abuse of discretion standard applies to review of the trial court's findings that State proved by clear and convincing evidence that defendant posed a real and present threat that could not be mitigated by other conditions); *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11 (when a defendant claims the State failed to fulfill its burden under the Act by "clear and convincing evidence," "we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion.")

¶ 25        Other appellate decisions have applied the "manifest weight of the evidence" standard of review to the trial court's findings as to whether the State proved the requirements of section 110-6.1(e) by clear and convincing evidence. *See, e.g., Stock*, 2023 IL App (1st) 231753 at ¶¶ 12-14 (applying manifest weight standard to court's findings that "proof was evident or the presumption was great" that defendant committed offense and that defendant posed a real and

present threat); *People v. Hernandez*, 2023 IL App (2d) 230361-U, ¶ 21 ("We review under the manifest-weight-of-the-evidence-standard the trial court's factual findings regarding whether the State presented clear and convincing evidence that a qualifying offense has been committed, that mandatory conditions of release would fail to protect any person or the community, or that no condition or combination of conditions can mitigate the real and present threat ***.")

¶ 26    Some decisions have described the standard of review as "twofold", meaning the trial court's factual findings are reviewed under the manifest weight standard, but its ultimate detention decision is reviewed for an abuse of discretion. *See, e.g., People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13 (applying manifest weight standard to trial court's factual findings that the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community or that defendant has a high likelihood of willful flight.)

¶ 27    We find the twofold approach is well-reasoned. We keep in mind that section 110-6.1 of the Code requires the State to prove by "clear and convincing evidence" that "the proof is evident or the presumption great" that the defendant committed a qualifying offense, that defendant "poses a real and present threat to the safety of any person or persons or the community," and that no condition or combination of conditions can mitigate the threat. 725 ILCS 5/110-6.1(e). Thus, we think it is proper to review factual findings under the manifest weight of the evidence standard. However, "we review for an abuse of discretion the trial court's ultimate determination regarding pretrial release." *Trottier*, 2023 IL App (2d) 230317 at ¶ 13 (describing "twofold" standard of review).

¶ 28    In any event, we would reach the same result under either the manifest weight or abuse of discretion standard. "A finding is against the manifest weight of the evidence only if the opposite

conclusion is clearly evident or if the finding is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). An abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the position adopted by the trial court. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 29                                  First Degree Murder

¶ 30        Defendant first argues that the circuit court erred when it determined that the State met its burden of proving by clear and convincing evidence that the proof was evident, or the presumption great the defendant committed the detainable offense of first degree murder. See 725 ILCS 5/110-6.1(a)(1), (1.5) (West 2024). Specifically, defendant argues that only two witnesses identified him as the shooter, and that the video did not capture the shooting. Defendant also argues that it remains unclear whether the victim had a weapon, whether the victim was the initial aggressor, and who fired the firearm.

¶ 31        First, regarding defendant's slight mention of his supposed self-defense claim, we note that the State need not disprove an affirmative defense at this early stage of proceedings. *People v. Smith*, 2024 IL App (2d) 240168, ¶ 31. At this stage of the proceedings, "the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that a defendant has committed a qualifying offense***." *Vingara*, 2023 IL App (5th) 230968, ¶ 7. The State must only disapprove an affirmative defense beyond a reasonable doubt *if raised at trial*. [Emphasis added.] *Smith*, 2024 IL App (2d) 240168, ¶ 31. Regardless, the State proved by clear and convincing evidence that the victim did not have a weapon and defendant was the initial aggressor who fired the firearm. *Supra*, ¶¶ 6-8.

¶ 32 Defendant argues that only two witnesses identified him as the shooter and the video did not capture the shooting. However, it is well known that "[a] positive identification by a single eyewitness who had ample opportunity to observe is sufficient to support a conviction." *People v. Piatkowski*, 225 Ill. 2d 551, 566 (2007). Here, the State provided two witnesses that had ample opportunity to observe defendant shoot the victim. *Supra*, ¶ 7. Moreover, a conviction can be sustained upon circumstantial evidence as well as direct evidence. *People v. Davis*, 2023 IL App (1st) 220231, ¶ 42. "Circumstantial evidence is proof of facts or circumstances that give rise to reasonable inferences of other facts that tend to establish the guilt or innocence of defendant." *Id*. Circumstantial evidence alone is sufficient to sustain a conviction. *People v. Johnson*, 2018 IL App (1st) 150209, 19. The witnesses' testimony was corroborated by a video. The video showed defendant walk across the street and point a gun at the victim. Defendant walks out of the frame, followed by the sound of eight gunshots. The eyewitness testimony and video proved by clear and convincing evidence that the proof is evident, or the presumption great that defendant committed the detainable offense of first degree murder. *Vingara*, 2023 IL App (5th) 230968, ¶ 7.

¶ 33          Threat and Mitigation

¶ 34 Defendant next argues that the circuit court erred when it determined that the State met its burden of proving by clear and convincing evidence that he posed a real and present threat to the safety of the community which could not be mitigated upon release. Specifically, he argues that the State failed to provide any allegations relating to his threat to the safety of the community beyond those relating to the charges. Defendant cites to *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18, for the proposition that "[i]f the base allegations that make up the *sine*

*qua non* of a violent offense were sufficient on their own to establish this element, then the legislature would have simply deemed those accused of violent offenses ineligible for release."

¶ 35    In *Stock*, the appellate court found no error in the circuit's consideration of the dangerousness element. See *Stock*, 2023 IL App (1st) 231753, ¶¶ 14-15 (the State's proffer provided clear and convincing evidence that defendant poses a real and present threat to the safety of the community based on the articulable facts of the case). Rather, the appellate court reversed based on the circuit court's consideration of the third element: conditions of release. See *id*. ¶¶ 15-17.

¶ 36    Here, similar to *Stock*, the State's proffer established by clear and convincing evidence that defendant was a threat to the safety of the community. Defendant crossed a public road and discharged eight gunshots at the victim. Unlike *Stock*, the State presented evidence that defendant would not comply with conditions of release. In determining whether to impose conditions of pretrial release, the circuit court shall consider such matters as the nature and circumstances of the offense, defendant's criminal history, and whether at the time of the current offense the defendant was on probation. See 725 ILCS 5/110-5 (West 2024). Here, the State proffered that defendant fled the scene. Additionally, defendant was on probation for aggravated unlawful use of a weapon at the time of the current offense. The State also provided evidence of defendant handling a firearm four days before the current offense, which violated his probation. This established that defendant would likely not comply with any imposed conditions. Accordingly, the circuit court's conclusion that no conditions of release could mitigate the real and present threat defendant posed to the safety of the community was reasonable.

¶ 37                              Flight and Waiver

¶ 38        Defendant argues, for the first time on appeal, that he is not a flight risk. "Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Thus, defendant waived this argument since he did not raise it in his motion for relief. Regardless, we note that defendant fled the scene and avoided arrest for 50 days.

¶ 39                             CONCLUSION

¶ 40        For the reasons stated above, we affirm the decision of the circuit court of Cook County.

¶ 41        Affirmed.

¶ 42        FITZGERALD SMITH, P.J., specially concurring:

¶ 43        I concur in the judgment and reasoning. I write only to specify that I would follow *Whitmore*, along with its forebearers and its progeny, to instead employ an abuse of discretion standard of review rather than the two-fold approach used here. See *Whitmore*, 2023 IL App (1st) 231807, ¶ 18; see also *Inman*, 2023 IL App (4th) 230864, ¶ 11, and *People v. Davis*, 2023 IL App (1st) 231856, ¶¶ 16-17. Ultimately, however, and just as the majority has pointed out, under either standard, the result would most certainly be the same.