2025 IL App (2d) 250057-U
No. 2-25-0057
Order filed May 15, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-2329 |
| COREY T. EILAND, | ) ) ) | Honorable Donald Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in denying defendant pretrial release where the State proved by clear and convincing evidence that defendant posed a real and present threat to the safety of the community based on his prior criminal history and possession of a loaded handgun, and that no conditions could mitigate the threat posed by defendant where defendant's criminal history and felony arrest warrants showed that defendant was unlikely to comply with conditions of release. Affirmed.

¶ 2    Defendant, Corey T. Eiland, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). For the following reasons we affirm.

¶ 3                                   I. BACKGROUND

¶ 4 Defendant was charged via complaint on October 25, 2024, with unlawful possession of a firearm by a repeat felony offender (720 ILCS 5/24-1.7(a) (West 2022)), felon in possession of a firearm (*id.* § 24-1.1(a)), possession of a firearm by a street gang member (*id.* § 24-1.8(a)(1)), two counts of aggravated unlawful use of a weapon (*id.* §§ 24-1.6(a)(1), (2)), and obstructing a police officer (*id.* § 31-1(a)(2)).

¶ 5 On October 26, 2024, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1 of the Code. A hearing was held on the State's petition on October 27, 2024.

¶ 6 At the hearing, the State presented the police synopsis, which stated as follows. On October 25, 2024, officers were patrolling near defendant's residence, looking for defendant, who had three active felony warrants for his arrest. Officers spotted defendant walking down the street away from the residence. Officers attempted to make contact with defendant who turned around and fled in the opposite direction. Defendant ran around a corner, and the pursuing officer heard a "metallic bang" as defendant fled. The officers chased defendant approximately 20 more yards before taking him into custody. Officers recovered a 9-millimeter SCCY handgun with a live round in the chamber. Officers also recovered a loaded magazine approximately 10 feet away. Security camera footage captured defendant running and the handgun falling from his waistband. Defendant's LEADS entry indicated that he was a member of the Traveling Vice Lords street gang.

¶ 7 The State also proffered that defendant's criminal history included 2010 convictions for seven counts of burglary and one count of attempt burglary, a 2014 conviction for attempt armed robbery, and 2020 convictions for two counts of burglary. At the time of defendant's arrest, he had active warrants in Du Page County for burglary, retail theft, and unlawful possession of a controlled substance, and in McLean County for unlawful possession of a stolen motor vehicle. Additionally, a probable cause warrant for felony theft had been issued in Kane County.

¶ 8 Defense counsel proffered that defendant had worked two part-time jobs, resided in Aurora with his cousin, and financially supported his two children. Additionally, defense counsel proffered that the unlawful possession of a stolen motor vehicle charge was "a situation that may involve a U-Haul truck and a misunderstanding."

¶ 9 The trial court granted the State's petition to deny pretrial release. On November 4, 2024, defendant filed a motion for relief. At the hearing on the motion, defendant argued that 24/7 home confinement could mitigate any threat posed by defendant, while the State argued that section 5-8A-4 of the Unified Code of Corrections (730 ILCS 5/5-8A-4(A-1) (West 2022)) permitted defendants two days of movement per week while on electronic home monitoring. The trial court denied the motion on December 11, 2024. Following the hearing on defendant's motion for relief, defendant proffered an email from a deputy of the Kane County Sheriff's Department stating that other defendants had been placed on 24/7 home confinement by court order, waiving the movement guaranteed by section 5-8A-4 of the Unified Code of Corrections. Defendant timely appealed.

¶ 10                            II. ANALYSIS

¶ 11 This appeal involves only the review of documentary evidence and proffer, with no live testimony. We therefore review the denial of defendant's pretrial release *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 22.

¶ 12 All defendants shall be presumed eligible for pretrial release, and the State shall bear the burden of proving otherwise by clear and convincing evidence. 725 ILCS 5/110-6.1(e) (West 2022). To deny a defendant's pretrial release, the State must show (1) that the proof is evident or the presumption great that the defendant has committed an eligible offense, and (2) the defendant poses a real and present threat to the safety of any person or persons or the community, which (3)

no condition or combination of conditions can mitigate. *Id.* The trial court's finding that no combination of conditions can mitigate the threat posed by a defendant must be based on the specific articulable facts of the case. *Id.* § 110-6.1(e)(3).

¶ 13    On appeal, defendant argues that the State failed to show by clear and convincing evidence that defendant posed a real and present threat to the safety of the community because the mere fact that defendant was a felon in possession of a weapon is insufficient to establish dangerousness, and there was nothing else in defendant's conduct to suggest that he was a danger to the community (*i.e.*, police simply arrested defendant for outstanding warrants, his conduct was not inherently dangerous, and he was arrested without incident after running a short distance).

¶ 14    Defendant further argues that, apart from his attempt armed robbery conviction, defendant's criminal history is non-violent, and the record does not contain details regarding the nature of that incident. Additionally, the State did not present clear and convincing evidence that defendant was a member of a street gang, basing the allegations entirely on a notation in the LEADS system.

¶ 15    We find that the State presented sufficient evidence to establish that defendant posed a threat to the safety of the community. While the base allegations that make up the *sine qua non* of an offense are alone insufficient to support a finding of dangerousness, the facts stating the basic elements of an offense are often relevant to establishing a defendant's dangerousness and that no conditions of pretrial release can mitigate the threat posed by the defendant. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18. In fact, courts may consider "[w]hether the defendant is known to possess or have access to any weapon or weapons," which obviously includes evidence from any pending case. See 725 ILCS 5/110-6.1(g)(7) (West 2022).

¶ 16    Nevertheless, the instant case, defendant has been in and out of prison since 2010 and has

several felony convictions. While most of these are for burglary, defendant's attempt armed robbery conviction cannot be ignored. And although there is little detail regarding that charge in the record, defense counsel, in arguing the motion for relief, acknowledged that the case "involves a firearm."[1] Then in a subsequent hearing, the State proffered that the charge had been pled down from armed robbery. Here, when police came to arrest defendant, he fled. Police recovered a loaded handgun, with a round in the chamber, and an additional loaded magazine. Even setting aside the LEADS notation that defendant was a member of the Traveling Vice Lords, there was clear and convincing evidence that defendant posed a threat to the safety of the community based on his prior criminal history and possession of a loaded handgun.

¶ 17    Regarding whether conditions exist which could mitigate the threat posed by defendant, he argues that he had been successfully discharged from mandatory supervised release and that the State's generalized arguments were not based on the specific articulable facts of the case.

¶ 18    Given defendant's consistent criminal history and multiple felony warrants, we do not defendant's successful discharge from mandatory supervised release to be particularly reassuring. Based on his extensive history and failure to comply with laws barring him from possessing firearms, there is a significant likelihood of non-compliance and therefore conditions cannot sufficiently mitigate the threat posed to the community.

¶ 19    Accordingly, the State presented clear and convincing evidence that no conditions could mitigate the threat defendant posed to the community and denial of pretrial release was appropriate.

---

[1]Defendant's attempt to minimize his conviction for armed robbery with a firearm by casting doubt as to "whether it actually involved violence" ignores the inherent violence of using the threat of force by shooting in order to take property from the person or presence of another. See 720 ILCS 5/18-2 (West 2022) (definition of armed robbery; 725 ILCS 5/110-6.1(a)(1.5) (defining armed robbery as "a forcible felony").

¶ 20                    III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22    Affirmed.