2026 IL App (1st) 260508-U

No. 1-26-0508B

First Division
June 10, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 26 CR 1574 |
| KEYA DUFF, | ) ) | Honorable Terry Gallagher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court's order denying defendant's pretrial release is affirmed where the State proved by clear and convincing evidence that defendant committed a detainable offense, presented a real and present threat to public safety, and that no means less restrictive than detention were sufficient to mitigate that threat.

¶ 2    Plaintiff-appellant Keya Duff appeals from the circuit court's order granting the State's petition for pretrial detention pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (Pub. Act 104-417, § 1075 (eff. Aug. 15, 2025) (amending 725 ILCS 5/110-6.1)),

commonly known as the Pretrial Fairness Act. Defendant argues that the State failed to meet its burden of proving that (1) she committed a detainable offense under the Code, (2) she poses a clear and present threat to a person or the community, and (3) no condition or combination of release conditions would adequately protect the public. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In January 2026, defendant was indicted on five felony charges including two counts of home invasion, one count of residential burglary, one count of aggravated battery of a peace officer, and one count of aggravated battery by strangulation. On January 13, 2026, the State filed a petition to detain defendant pending trial. The matter proceeded to a detention hearing in the circuit court, where the State gave the following proffer.

¶ 5      Defendant met the victim at a gas station on January 9, 2026. The two exchanged phone numbers and planned to meet up in the near future. The next day, defendant called the victim and asked if she could stay with him "for a few days." The victim agreed to let defendant stay at his house in Midlothian, Illinois. The victim also allowed defendant's dog and cat to stay in his unattached garage so as to avoid his own pets.

¶ 6      Two days later, on January 12, 2026, the victim inquired whether defendant had found different living arrangements. The victim offered to drive defendant to a hotel, but defendant only wanted to be driven to a hotel in Chicago. When the victim refused to drive defendant to Chicago, she grabbed him by the neck with both hands and threatened to kill him. The victim pushed defendant away and stated that he would call the police if defendant did not leave. Defendant exited the house and went into the victim's unattached garage.

¶ 7      The police arrived and spent approximately 30 minutes trying to convince defendant to leave the premises. When it became clear that defendant would not do so, the officers attempted

to forcibly remove her from the victim's garage. Defendant became "verbally and physically aggressive" and pulled away from the officers' grasp. Defendant then ran out of the garage and back toward the victim's house.

¶ 8   Next, defendant struggled with the victim and forced her way into his house. Officers observed defendant strike the victim in the head four or five times and choke him by pulling him backwards by the hood of his sweatshirt. Defendant refused the officers' commands to release the victim, so one officer struck defendant in the face to get her to stop choking the victim. Defendant then bit the officer "on his right inner thigh" before being detained.

¶ 9   The State also proffered that defendant was on pretrial release for a battery case at the time of her arrest. The battery arose from an incident in November 2025 in which defendant allegedly punched a worker sent to clean a different residence that defendant refused to vacate after being evicted. Defendant also caused property damage to the residence upon finally being evicted in December 2025. In 2023, defendant was also alleged to have assaulted her roommate by grabbing his hand and repeatedly smashing it into a glass window until the window broke. According to the State, the allegations were corroborated by surveillance footage, but charges were never filed.

¶ 10   Based on the proffer, the State argued that it had met its burden to deny defendant's pretrial release. Specifically, the State contended that the evidence showed defendant committed the detainable offense of home invasion by forcing her way into defendant's home and causing him physical injury. The State further argued that defendant posed a danger to the community because she fought with the responding police officers and attempted to strangle the victim in the officers' presence. The State also noted that this was "not an isolated incident" as defendant had previously engaged in violence surrounding her housing situation, and was on pretrial release for one such incident when she was arrested in this matter. Finally, the State maintained that no conditions short

of detention would be sufficient because defendant had shown that she would not obey court orders by violating fighting with police officers and violating the terms of her previous release.

¶ 11    In response, the defense contended that defendant no longer posed a threat to the victim because they did not have a lengthy relationship and she had no desire to contact him further. The defense requested that defendant be placed on electronic monitoring, stating that there was "a residence in Cook County that she could stay at."

¶ 12    After hearing arguments from the parties, the circuit court first found that the State's proffer established that the proof was evident and the presumption great that defendant committed the detainable offense of home invasion. The court also found that defendant posed a real and present threat to public safety based on her attack on the victim and the responding police officers, as well as defendant's history of violent outbursts. The court further opined that no release conditions would sufficiently mitigate that danger because defendant's behavior toward law enforcement and her previous release violation  demonstrated that "there is no way [she] is ever going to comply with any conditions that this court can fashion." Consequently, the court granted the State's petition and ordered that defendant be placed in pretrial detention.

¶ 13    On March 5, 2026, defendant filed a Motion for Relief arguing that the circuit court erred in granting the State's petition. In particular, defendant contended that the State failed to prove she committed the charged offenses because the victim did not testify and thus the court "has had no opportunity to observe the [victim's] demeanor or assess his credibility." Defendant also maintained that she did not pose a danger to the victim or community because she was a lifelong resident of Cook County, had worked at DCFS for 26 years, and was an "active member" of her church. Finally, defendant argued that the State did not proffer any "specific facts" to prove that electronic monitoring would be insufficient in her case, especially because she has a Cook County

address where she could stay pending trial. Defendant asserted that the court could have also imposed other conditions on her release such as ordering her to have no contact with the victim.

¶ 14    At the hearing on defendant's Motion for Relief, defendant's counsel argued only that defendant should placed on electronic monitoring with GPS because she was "on disability," an active member of her church, a lifelong resident of Cook County, and had previously been employed by DCFS for 26 years. The State largely reiterated its arguments from the initial detention hearing. The court denied defendant's Motion for Relief, and this appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    Under the Code, "[a]ll defendants shall be presumed eligible for release." 725 ILCS 5/110-6.1(e) (West 2024). However, the circuit court may deny pretrial release if the State establishes by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to the safety of any person or the community, and (3) no condition or combination of conditions on pretrial release would be sufficient to mitigate the danger posed by the defendant. *Id.* Where, as here, the parties proceed solely by proffer with no live witnesses, we review the circuit court's decision *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 17    In this case, defendant has declined to file a memorandum on appeal, and instead rests solely on the contentions of error raised in her Motion for Relief.  In that motion, defendant first argues that the State failed to prove she committed the charged offense because the victim did not testify at the detention hearing "and the [circuit] court had no opportunity to observe the [victim's] demeanor or assess his credibility." However, we are mindful that the State need not prove defendant guilty beyond a reasonable doubt at this juncture. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 13. Rather, the State need only present clear and convincing evidence of defendant's

guilt, which the Code explicitly provides may be established "by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2024). Indeed, reviewing courts regularly affirm detention orders based on a finding that the State met its burden solely through proffer. See, *e.g.*, *Morgan*, 2025 IL 130626, ¶ 56.

¶ 18 Here, defendant was charged with the detainable offense of home invasion, which required the State to prove that defendant (1) knowingly entered the victim's home and (2) intentionally caused physical injury to the victim. 720 ILCS 5/19-6(a)(2) (West 2024). The State's proffer established that defendant forced her way into the victim's home where she struck him in the head and choked him by pulling back the hood of his sweatshirt. The State also asserted that these events were witnessed by multiple police officers and captured on the officers' body-worn cameras. Thus, the State's proffer was clearly sufficient to establish that the proof was evident or the presumption great that defendant committed a detainable offense.

¶ 19 Defendant next argues that the State failed to establish that she posed a real and present danger to any person or the community. On this point, defendant's argument, in its entirety, is that:

> "[Defendant] is a lifelong resident of cook county. She has an address separate and apart from the complaining witness. She previously worked for DCFS for 26 years. She is also an active member of her church, The Church of The Living God. All of which indicated she has strong ties to the community."

¶ 20 Although defendant may have ties to Cook County, her position completely ignores the fact that she violently assaulted both police officers and the victim, a relative stranger who was kind enough to give her and her animals a place to live for a few days. Defendant also ignores that she committed the present offenses while on pretrial release for charges stemming from a violent outburst over being evicted from her previous residence just a few months before. Based on these

facts, defendant's ties to the community do little to undermine the circuit court's conclusion that defendant posed a real and present danger to the community.

¶ 21　Third, and finally, defendant contends that the circuit court erred in determining that no conditions less restrictive than detention were sufficient to ensure public safety. Defendant asserts that the State argued only that less restrictive conditions were "not perfect" without offering any "specific facts" to show that such conditions would not be sufficient in her case. In so arguing, defendant cites to *People v. Lopez*, 2025 IL App (2d), ¶ 21, where the Second District stated that sweeping generalizations about the flaws in pretrial monitoring were insufficient to satisfy the State's burden of proving that a specific defendant must be detained. However, this case is easily distinguishable from *Lopez* because both the State's argument and the circuit court's ruling were correctly based on the specific facts and circumstances of the case at hand. In particular, the record shows defendant's pattern of violent resistance when told she is no longer welcome at certain premises. Even the presence of multiple police officers did not stop defendant from assaulting the victim in this case. Like the circuit court, we also place significant weight on the fact that defendant was on pretrial release for a similar attack at the time she was arrested in this case. We agree with the circuit court and the State that defendant's release violation evinces an unwillingness to follow court orders such that no means short of detention will prevent defendant from re-offending. Accordingly, we affirm the circuit court's detention order.

¶ 22　　　　　　　　　　　　　　III. CONCLUSION

¶ 23　For the reasons stated, we affirm the judgment of the circuit court.

¶ 24　Affirmed.