2025 IL App (2d) 250458-U
No. 2-25-0458
Order filed December 9, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 25-CF-2197 |
| | ) | |
| NAZIM J. USENI, | ) | Honorable |
| | ) | Bianca Camargo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justice Birkett concurred in the judgment.
Justice McLaren specially concurred.

**ORDER**

¶ 1   *Held*: The trial court did not err in denying defendant pretrial release where there was clear and convincing evidence that (1) defendant committed aggravated DUI, despite the lack of field sobriety tests; (2) defendant posed a real and present threat to the community where he drove through the wall of an occupied home; and (3) conditions could not mitigate the threat where defendant's criminal history included six prior DUI convictions and 14 prior driving with license suspended or revoked convictions.

¶ 2   Defendant, Nazim J. Useni, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2024)). As defendant did not file a memorandum, his motion for relief from pretrial detention serves as his

argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). For the following reasons we affirm.

¶ 3                                         I. BACKGROUND

¶ 4     On September 16, 2025, defendant was charged via complaint with aggravated DUI—6th or subsequent violation (625 ILCS 5/11-501(a)(2), (d)(2)(E) (West 2024) (Class X felony)), aggravated DUI—no driver's license (*id.* § 5/11-501(d)(1)(H) (Class 4 felony)), and driving while license suspended or revoked—DUI/SSS second offense (*id.* § 5/6-303(a), (a-3) (Class 4 felony)), with all counts arising out of an incident which occurred on September 15, 2025. Defendant was also charged by citation and complaint with 10 other violations, which included DUI, driving on a revoked license, reckless driving, driving too fast for conditions or failure to reduce speed to avoid an accident, disobeying a stop sign, driving a motor vehicle on sidewalk, driving wrong way on one way street, operating an uninsured motor vehicle, and driving on wrong side of road.

¶ 5     On September 16, 2025, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1 of the Code. A hearing was held on the State's petition the same day, following which the trial court granted the State's petition to deny pretrial release.

¶ 6     At the pretrial detention hearing, the police synopsis of the incident was admitted into evidence. According to the synopsis, while driving, defendant swerved off the road striking a fire hydrant, re-entered the road, crossed into the backyard of a nearby home, and drove through a fence and into the exterior wall of the home. The responding officer reported that defendant was visibly impaired, stumbling, had difficulty standing, had bloodshot eyes, and had a strong odor of alcohol on his breath. The state's petition contained a summary of defendant's criminal history, which included, *inter alia,* 6 DUI's with the earliest from 1993, and 14 convictions for driving with a suspended license or driving while license revoked. Additionally, at the time of the instant

offense, defendant was on mandatory supervised release from his last DUI conviction, having been released from the Department of Corrections only six months prior.

¶ 7    The State argued that, because of defendant's prior history of drunk driving, the fact that the instant offense involved defendant driving drunk in a residential neighborhood at approximately 7 p.m. and crashing into an occupied home, defendant posed a real and present threat to the safety of the community. Likewise, given defendant's 30-year history of drunk driving and driving without a license, no conditions of pretrial release including SCRAM, GPS, or electronic home monitoring, could mitigate the threat posed by defendant.

¶ 8    The defense proffered that defendant was 64 years old and had a heart condition and colon cancer. The defense also challenged the sufficiency of the evidence that defendant committed the charged offenses, noting that the synopsis did not indicate that field sobriety tests were performed.

¶ 9    Defendant filed a motion for relief from judgment on September 17, 2025. Following a hearing, the trial court denied defendant's motion on November 10, 2025. Defendant timely appealed.

¶ 10                    II. ANALYSIS

¶ 11    On appeal, defendant argues that the State did not prove by clear and convincing evidence that defendant (1) committed the charged offenses, citing the lack of field sobriety tests; (2) posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case, arguing that the trial court erred in relying on "the facts of the charges;" and (3) that the State did not prove by clear and convincing evidence that no condition or combination of conditions could mitigate the threat posed by defendant, as he was 64 years old with a heart condition, and was willing to submit to SCRAM, electronic home monitoring, and a substance abuse evaluation.

¶ 12    When parties to a pretrial detention hearing proceed solely by proffer and documentary evidence, the reviewing court's standard of review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 51. Under a *de novo* standard, the reviewing court performs the same analysis as the trial court, determining whether the trial court's decision was correct as a matter of law. *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 13    All defendants shall be presumed eligible for pretrial release, and the State shall bear the burden of proving otherwise by clear and convincing evidence. 725 ILCS 5/110-6.1(e) (West 2024). To deny a defendant pretrial release, the State must show (1) that the proof is evident or the presumption great that the defendant has committed an eligible offense, and (2) the defendant poses a real and present threat to the safety of any person or persons or the community, which (3) no condition or combination of conditions can mitigate. *Id.* The trial court's finding that no combination of conditions can mitigate the threat posed by a defendant must be based on the specific articulable facts of the case. *Id.* § 110-6.1(e)(3). The base allegations which comprise the elements of the charged offense are not sufficient to establish such on their own. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18 ("If the base allegations that make up the *sine qua non* of a violent offense were sufficient on their own to establish this element, then the legislature would have simply deemed those accused of violent offenses ineligible for release."). However, the alleged facts which comprise the basic elements of the charged offense can be relevant proof establishing that no conditions can mitigate the threat posed by defendant. *Id.*

¶ 14    Regarding the sufficiency of the evidence that the proof is evident or the presumption great that defendant has committed an eligible offense, the fact that the synopsis did not mention whether field sobriety tests were conducted does not automatically render the evidence insufficient. Field sobriety tests are not required to prove DUI, and "[a] DUI conviction may be sustained based

solely on the testimony of the arresting officer, if credible." *People v. Janik*, 127 Ill. 2d 390, 402 (1989). According to the synopsis, defendant was driving erratically, struck a fire hydrant, and crashed through a fence into an occupied home, and the responding officer reported that defendant was visibly impaired, stumbling, had difficulty standing, had bloodshot eyes, and had a strong odor of alcohol on his breath. As such, there was clear and convincing evidence that the proof is evident or the presumption great that defendant committed the charged offenses.

¶ 15    Regarding dangerousness, defendant argues that the trial court "erroneously relied on the facts of the charges as being proof of a threat to the community." However, the Code requires consideration of the "nature and circumstances of any offense charged" 725 ILCS 5/110-6.1(g)(1). There is no requirement that a finding of dangerousness must be based on evidence beyond the evidence presented to establish the defendant committed the charged conduct.

¶ 16    Further, there was ample evidence to support a finding that defendant posed a real and present threat to the safety of the community. Defendant was driving drunk in a residential area and struck not only a fire hydrant but an occupied home. Defendant has a 30-year history of drunk driving with six prior convictions. Defendant's repeated drunk driving clearly poses real and present danger to the community.

¶ 17    Finally, turning to conditions of release, as stated, defendant has a 30-year history of drunk driving with six DUI convictions. Defendant likewise has 14 convictions for driving with a suspended or revoked license. Defendant was also on mandatory supervised release from his last DUI conviction at the time of the instant offenses and was driving without a license. It is abundantly clear that defendant cannot comply with the law or conditions of release, especially as they pertain to drinking and driving. As such, there was sufficient evidence that no condition or combination of conditions can mitigate the threat posed by defendant.

¶ 18                                    III. CONCLUSION

¶ 19    Accordingly, we affirm the judgment of the circuit court of Kane County.

¶ 20    Affirmed.

¶ 21    JUSTICE McLAREN, specially concurring:

¶ 22    While I concur with the majority's decision to affirm the judgment of the circuit court, I write separately to voice my concerns regarding the applicable standard of review. The majority finds the standard of review in the immediate matter to be a mandatory *de novo* review and I find this to be contrary to the clear language of binding precedent. As I recently detailed in my special concurrence in *People v. Mondragon*, the clearest reading of our supreme court's decision in *Morgan* is that the manifest weight of the evidence standard applies to both the circuit court's factual findings and ultimate detention decision under section 110-6.1, but a reviewing court has the option to apply *de novo* review to the factual findings if the detention hearing proceeded solely by proffer. *People v. Mondragon*, 2025 IL App (2d) 250125-U, ¶ 18-39 (McLaren, J., specially concurring).