NOTICE
Decision filed 05/21/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260181-U

NO. 5-26-0181

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 26-DV-5 |
| | ) | |
| DUSTIN W. HIGGS, | ) | Honorable |
| | ) | Bryan M. Kibler, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices McHaney and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motions for relief are affirmed.

¶ 2    The defendant, Dustin W. Higgs, appeals the February 25, 2026, order from the trial court of Effingham County that granted the State's petition to deny release, and the March 4, 2026, denial of his motion for relief. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On February 25, 2026, the defendant was charged with domestic battery in that he struck Romeo Shumaker, a household member, in the head on February 23, 2026. 720 ILCS 5/12-3.2(a)(2) (West 2024). The State filed a petition to deny pretrial release, asserting that the proof was evident and presumption great that the defendant committed a detainable offense, being

1

domestic battery, and that he posed a real and present threat to the safety of any person or persons or the community. 725 ILCS 5/110-6.1(a) (West 2024).

¶ 5    The matter proceeded to a hearing on February 25, 2026. The State presented its factual basis by proffer, stating that law enforcement officers were called by a neighbor of the victim, Shumaker, "indicating that there was a domestic disturbance in the area." When officers arrived, they spoke with Shumaker, who had visible injuries on his person, including a knot on the top of his head. Shumaker and the defendant were roommates. When Shumaker arrived home, the defendant told him that a court appearance earlier in the day "did not go well." The defendant then grabbed a barbell handle and struck Shumaker over the head, causing injury. Shumaker stated that he shoved the defendant because of the attack, which caused the defendant to fall into a dresser. Officers recovered the barbell, which weighed approximately two and two-thirds pounds. Officers later located the defendant after he left the scene, and the only injuries noticed on the defendant were scratches on his knuckles. The defendant told officers that Shumaker shoved him, but did not recall if he was struck by Shumaker.

¶ 6    The State further proffered the defendant's history, including aggravated battery of a victim over the age of 60, a violation of order of protection, aggravated fleeing and eluding a police officer, and residential burglary. The State said that the nature and circumstances of the offense were significant and posed a danger to the public and Shumaker. The State argued that no conditions would ensure the safety of the public. The defendant would not be able to return home on conditions, as the victim also lives there and it was unclear if there would be anywhere else he could reside. Even if another location was available, the State argued that there would not be "any reason to believe that [the defendant] would cooperate with [conditions] given his history."

¶ 7 Defense counsel argued that the proof was not evident or presumption great that the defendant committed a detention-eligible offense, as the evidence did not show it was evident that the defendant was the aggressor. Shumaker admitted to shoving the defendant, and Shumaker was under the influence of alcohol when officers spoke with him. Defense counsel argued that the defendant did not pose a real and present threat. If he did pose a threat, conditions could mitigate that threat. The defendant could reside with his grandmother under monitoring, and he could undergo a mental health assessment.

¶ 8 The trial court stated that the proof was evident that the defendant committed a detainable offense, being domestic battery, and that he posed a threat to the victim and to the community due to his conduct and prior history. The court found that less restrictive conditions would not protect Shumaker or the community. The trial court stated it based its decision due to the defendant's history of multiple plenary orders of protection against him, violation of an order of protection, and aggravated battery. The defendant was ordered detained.

¶ 9 The defendant filed a motion for relief on February 27, 2026. The motion alleged that the State failed to prove, by clear and convincing evidence, that the defendant committed a detention-eligible offense, posed a real and specific threat to the safety of an individual or the community, and that no conditions or combination of conditions could mitigate the real and present threat. The matter was set for hearing on March 4, 2026.

¶ 10 During the hearing, defense counsel alleged that the State failed to prove the elements listed in the motion for relief. Defense counsel stated that while there were some concerns about the defendant's mental health, that should not be the only reason for detention, and he should receive medical treatment. The State responded that all the elements were proven during the initial hearing and there was not a less restrictive alternative to mitigate the real and present threat. The trial court

3

reiterated its findings from the initial hearing, stating that the defendant had a history of violence and his mental health concerns were a contributing factor. The trial court denied the motion for relief. The defendant appealed.

¶ 11                                    II. ANALYSIS

¶ 12     On appeal, defendant filed a notice in lieu of memorandum. As such, his motion for relief serves as his argument on appeal. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). The defendant's motion for relief argues that the State failed to prove, by clear and convincing evidence, that the defendant committed a detention-eligible offense, posed a real and specific threat to the safety of an individual or the community, and that no conditions or combination of condition could mitigate the real and present threat. The motion did not contain any fact-specific argument as to how the trial court erred.

¶ 13     A defendant's pretrial release may be denied only in certain statutorily limited situations, pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code). 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the

4

community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 14    Our standard of review of pretrial release determinations is dependent on whether the trial court heard live witness testimony or whether the parties proceeded solely by proffer or submission of documentary evidence. Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. As no live testimony was presented at the detention hearing, we will employ a *de novo* standard.

¶ 15                              A. Detainable Offense

¶ 16    At this stage, the State does not need to prove the defendant's guilt beyond a reasonable doubt. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 13. Instead, the State needs only to show that the proof is evident or the presumption great that the defendant has committed a qualifying offense "by clear and convincing evidence." 725 ILCS 5/110-6.1(e)(1) (West 2024). The Code provides that the State need not actually introduce the underlying evidence at the hearing, and may satisfy its burden of persuasion by presenting evidence "at the hearing by way of proffer based upon reliable information." *Id.* § 110-6.1(f)(2).

¶ 17    We have thoroughly reviewed the record on appeal in this matter, including the initial detention hearing and the hearing on the defendant's motion for relief. The defendant was charged with domestic battery, which is detainable under the Code. *Id.* § 110-6.1(a)(4). As to whether the State proved the defendant committed the offense, the State's proffer was based on law enforcement's report of the offense. Officers spoke with Shumaker, who stated that he and the defendant lived together. When the defendant came home from a court appearance, he hit

5

Shumaker in the head with the handle of a barbell. Officers observed a visible injury to Shumaker's head, consistent with being hit by the defendant as reported. Thus, the record shows that the reliable information provided by the State proved, by clear and convincing evidence, that the defendant committed a detainable offense. As such, we find that the proof is evident or presumption great that the defendant committed domestic battery.

¶ 18                                B. Real and Present Threat

¶ 19    The court is provided a nonexhaustive list of factors it should consider when determining whether a defendant poses a real and present threat to the safety of any individual(s) or the community. These include the following:

"(1) The nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense.

(2) The history and characteristics of the defendant including:

(A) Any evidence of the defendant's prior criminal history indicative of violent, abusive, or assaultive behavior, or lack of such behavior. Such evidence may include testimony or documents received in juvenile proceedings, criminal, quasi-criminal, civil commitment, domestic relations, or other proceedings.

(B) Any evidence of the defendant's psychological, psychiatric or other similar social history which tends to indicate a violent, abusive, or assaultive nature, or lack of any such history.

(3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

(4) Any statements made by, or attributed to the defendant, together with the circumstances surrounding them.

6

(5) The age and physical condition of the defendant.

(6) The age and physical condition of any victim or complaining witness.

(7) Whether the defendant is known to possess or have access to any weapon or weapons.

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release, or other release from custody pending trial, sentencing, appeal, or completion of sentence for an offense under federal or State law.

(9) Any other factors, including those listed in Section 110-5 of this Article deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g)(1)-(9) (West 2024).

No one factor is determinative, and the court must base its decision on an individualized assessment. *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 15 (citing 725 ILCS 5/110-6.1(f)(7) (West 2022)).

¶ 20    We have conducted our own independent review of the proffered evidence and the relevant factors. First, the nature and circumstances of the offense charged against the defendant involve a crime of violence. 725 ILCS 5/110-6.1(g)(1) (West 2024). Next, the history and characteristics of the defendant include aggravated battery, violation of an order of protection, aggravated fleeing law enforcement, residential burglary, and disorderly conduct. *Id.* § 110-6.1(g)(2). The defendant also had a history of three plenary orders of protection and one emergency order of protection. The defendant's release would pose a risk directly to Shumaker, as the parties lived together and Shumaker was injured at the residence. *Id.* § 110-6.1(g)(3). Further, the defendant was on

7

probation in three cases at the time of this offense. *Id.* § 110-6.1(g)(8). Accordingly, this court agrees with the trial court, that based on the specific, articulable facts and the Code's factors, the defendant posed a real and present threat to Shumaker and the community as a whole.

¶ 21                                      C. Conditions

¶ 22    Once a court determines that the defendant poses a threat to the safety of any individual or the community, the trial court must determine whether the State has met its burden of proving by clear and convincing evidence what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2024). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The Code lists no singular factor as dispositive. See *id.* The nature and circumstances of the underlying offense is "just one factor to consider in determining whether the threat posed can be mitigated by conditions of release." *People v. Lopez*, 2025 IL App (2d) 240709, ¶ 19.

¶ 23    As we are employing *de novo* review, we will apply these same factors to the evidence proffered. We find the following factors support the conclusion that no condition or combination

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2024).

of conditions could mitigate the real and present threat posed by the defendant. First, the nature and circumstances of the offense charged. The defendant was charged with domestic battery, which included violence. 725 ILCS 5/110-5(a)(1) (West 2024). The weight of the evidence against the defendant included a factual account from Shumaker and information from law enforcement about his injuries, which were consistent with the account. *Id.* § 110-5(a)(2). The defendant's history includes aggravated battery, violation of order of protection, and multiple orders of protection against him from different parties. *Id.* § 110-5(a)(3). The defendant posed a risk to Shumaker and the community as a whole if released due to his behavior and history. *Id.* § 110-5(a)(4). Accordingly, based on our independent review, we agree with the trial court that no condition or combination of conditions would mitigate the threat posed by the defendant.

¶ 24                              III. CONCLUSION

¶ 25    Based on the foregoing reasons, we affirm the trial court's orders of February 25, 2026, and March 4, 2026.

¶ 26    Affirmed.